## WALKER BIN CO. v. C. SCHMIDT CO.

### (Circuit Court of Appeals, Sixth Circuit. February 8, 1916.)

#### No. 2667.

PATENTS ☞211(2)—LICENSE—CONSTRUCTION OF CONTRACT.

A license contract under a patent *held* terminable at will by either party, and defendant *held* liable as an infringer after the revocation of the license by complainant.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 307–309; Dec. Dig. ☞211(2).]

Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; Howard C. Hollister, Judge.

Suit in equity by the Walker Bin Company against the C. Schmidt Company. Decree for defendant, and complainant appeals. Reversed.

Ernest Howard Hunter, of Philadelphia, Pa., and Guy W. Mallon, of Cincinnati, Ohio, for appellant.

C. W. Miles and Pogue, Hoffheimer & Pogue, all of Cincinnati, Ohio, for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. This case, while in the ordinary form of an infringement suit, actually presented to the court below the single question whether a once existing royalty contract between the parties remained in force and left defendant liable only as a licensee for that accruing royalty which it was quite willing to pay. The case thus

---

turned upon the rightfulness and effectiveness of plaintiff's attempted cancellation of the so-called license. On this issue the court below found for defendant, and dismissed the bill; plaintiff appeals.

The terms of the royalty contract are found in a series of letters exchanged; and the question is: "Did the parties intend to make a contract for the full term of the patent, or intend to make one revocable at will by either?" The patent has now expired, and a full discussion of the reasons which lead to inferring one or the other 'intent would not be useful. From all the correspondence, read in the light of the natural conduct of business men, we are compelled to think that either party was at liberty to cancel—as plaintiff did—and hence that, for its later conduct, defendant became liable as an infringer.

The decree below must be reversed, with costs; but, as no remedy, except accounting, remains after the patent's expiration, and as the course of the argument before us indicates that plaintiff is uncertain of its right to recover more than the agreed royalty, the parties may have an opportunity to end the litigation now. If within 30 days counsel reach an agreement and file a stipulation as to the amount due, the mandate will contain a further direction that a decree be entered for plaintiff in the amount so stipulated.